# Dickson *v.* Hoff's Adm'r.

A judgment by default, writ of inquiry and verdict, without taking issue upon pleas pleaded, is irregular.

The notes made by the judge on the docket are not part of the record nor evidence for any purpose, and a judgment cannot be amended by them.

ERROR to the circuit court of Hinds county.

Webber, for plaintiff in error.

Skelton, *contra*, cited Com. Dig. Pleading, E. 5; 1 Ch. Pl. 565; Ibid. 578–9; Com. Dig. E. 6; 2 Johnson's Dig. 202, sect. 196.

Mr. Chief Justice SHARKEY delivered the opinion of the court.

The action was debt on an open account. After the writ of error was brought, the defendant in error suggested diminution, and had a second record brought up. The first record discloses this state of the case. After the declaration two pleas follow in the record, to which there are no issues. Immediately after the pleas comes a judgment by default, and an award of inquiry of damages, and then follows the verdict assessing damages. If this record presents the whole case, there is good ground for reversing the judgment, because it was irregular to take judgment by default in the face of the pleas, and as they appear on the record, they must have been filed before the judgment. It is insisted for the defendant in error that they were not filed at the time of taking judgment by default, but afterwards; and that the judgment was set aside for the purpose of allowing the pleas. In support of this position resort is had to the second record, and so the fact does appear on that record; but the counsel on the other side insists that it was improperly placed there. Pending the writ of error in this court, the counsel for the defendant in error moved the circuit court to amend the record and judgment according to the facts. This motion was made twelve months after judgment,

[Dickson *v.* Hoff's Adm'r.]

before a different judge from the one who tried the cause.   The motion was to amend by the docket and the entries made thereon by the judge, and it was sustained and the entry on the record corrected.   The motion was improperly sustained.   It was decided in the case of Burney *v.* Boyett, 1 How. Rep. 39, that the notes made by the judge on the docket, constituted no part of the record, and were not evidence for any purpose.   That they were even more objectionable than parol evidence.   To say nothing of the time at which the amendment was made, we are satisfied that the evidence on which it was made did not justify the amendment, and that therefore there is nothing which regularly varies the case from the attitude in which it was presented by the first record.   As there is error in that record, the judgment must be reversed and cause remanded, with a *venire de novo*.